**In re Rudi VUCKOVIC, and Lucienne F. Vuckovic, Debtors.**

**Jerald I. ROSEN, Plaintiff,**

v.

**MIF REALTY, L.P., and Bellwether Holding Corp., Defendants.**

**BELLWETHER HOLDING CORP., Counter–Plaintiff and Third Party Plaintiff,**

v.

**Jerald I. ROSEN, Trustee, Counter–Defendant,**

and

**Rudi Vuckovic, Lucienne F. Vuckovic, and RSI of Central Florida, Third Party Defendants.**

**Bankruptcy No. 93–05794–6J7.
Adversary No. 96–193.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

March 19, 1997.

---

Bradley M. Saxton, Orlando, FL, for plaintiff.

David E. Otero, Jacksonville, FL, for MIF Realty, L.P.

David S. Jennis, Tampa, FL, for Bellwether Holding Corp.

Jerald I. Rosen, Longwood, FL, Chapter 7 Trustee.

*ORDER GRANTING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AND DENYING BELLWETHER'S MOTION FOR PARTIAL SUMMARY JUDGMENT*

KAREN S. JENNEMANN, Bankruptcy Judge.

This adversary proceeding was heard on January 23, 1997, on the Motion for Partial Summary Judgment ("Bellwether's Motion") (Doc. No. 21) filed by the Bellwether Holding Corporation (the "Defendant") and on the Motion for Summary Judgment ("Trustee's Motion") (Doc. No. 34) filed by Jerald I.

Rosen, the Chapter 7 Trustee appointed in this case (the "Plaintiff").

Both parties agree that, in connection with the issue raised in the competing motions for summary judgment, no material factual disputes exist. Based upon these facts, both claim that they are entitled to summary judgment as a matter of law.

However, the pending motions do not resolve all issues raised in this adversary proceeding. Bellwether also has filed a counterclaim against the Plaintiff and a third party complaint against the debtors, Rudi and Lucienne F. Vuckovic (the "Vuckovics"), and RSI of Central Florida ("RSI") (Doc. No. 35). The pending motions for summary judgment do not fully resolve these additional issues raised by Bellwether. After reviewing the pleadings and considering the arguments of the parties and the applicable law, the Trustee's Motion is granted, and Bellwether's Motion is denied.

*Background.* On November 22, 1993, the Vuckovics conveyed real property located at 100 West Fairbanks Avenue, Winter Park, Florida (the "Fairbanks Property") to RSI. Simultaneously, the Vuckovics also obtained the agreement of MIF Realty ("MIF"), the lender holding a first priority mortgage secured by the Fairbanks Property, to reduce the outstanding principal balance on the underlying promissory note from $624,000 to $260,000. To document this agreement, the Vuckovics and MIF executed a mortgage modification agreement (the "Mortgage Modification"). RSI was not a party to the Mortgage Modification. One week later, on November 29, 1993, the Vuckovics filed this Chapter 7 case. Jerald I. Rosen was appointed as Trustee.

In the course of his duties, the Trustee filed an earlier adversary proceeding, Adversary Proceeding No. 94–235, to avoid the transfer of the Fairbanks Property to RSI.

On June 22, 1995, this Court entered its Findings of Fact and Conclusions of Law and Final Judgment (the "Prior Judgment") which determined that the transfer was fraudulent, avoided the transfer of the Fairbanks Property from the Vuckovics to RSI under § 548(a)(1) of the Bankruptcy Code, and declared that the Fairbanks Property was property of the estate. The enforceability or avoidability of the Mortgage Modification was not raised as an issue in this earlier adversary proceeding.

On May 21, 1996, the Trustee filed his Complaint for Declaratory Judgment and Request for Emergency Relief (the "Complaint") (Doc. No. 1) initiating this adversary proceeding. The Trustee seeks a declaratory judgment that the Mortgage Modification is enforceable and, because it is a separate transfer, was not avoided by the Prior Judgment. Conversely, Bellwether, the current holder of MIF's interest,[1] contends the Mortgage Modification was part of the transfer avoided by the Prior Judgment and is not enforceable.

The monetary difference between the two parties' positions is significant. If the Mortgage Modification is enforced, the approximate amount due is $288,000. If the terms of the original note and mortgage are used and the Mortgage Modification avoided, the approximate amount due is $769,000.

After the avoidance of the transfer of the Fairbanks Property to RSI, the Trustee sold the Fairbanks Property for $760,000. By separate agreement, on July 12, 1996, the Trustee paid Bellwether $288,752.03, which is the amount the Trustee contends is unquestionably due Bellwether under the Mortgage Modification. The Trustee is holding the remaining funds received from the sale, after payment of closing costs and related expenses, in escrow pending the outcome of this adversary proceeding.

■ *The Mortgage Modification Was a Separate Transfer.* The Bankruptcy Code

---

1. MIF, the prior holder of the mortgage on the Fairbanks Property, purchased the promissory note and the mortgage for $96,839 from the Resolution Trust Corporation ("RTC") on or about January 18, 1993. At the time of the transfer, the face value of the note and mortgage was $583,515. MIFN sold the note and mortgage to Bellwether for $160,000 on May 17, 1996.

broadly defines what constitutes a transfer as:

[E]very mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption;

11 U.S.C. § 101(54) (1996). Congress intended for this definition to be as broad as possible and all-inclusive. E.G., *Darby v. Atkinson (In re Ferris* ), 415 F.Supp. 33, 39 (W.D.Ok.1976) (termination of lease by lessor is a transfer); *Guinn v. Lines (In re Trans-Lines West, Inc.*), 203 B.R. 653, 662–63 (Bankr.E.D.Tenn.1996) (debtor's prepetition revocation of its Subchapter § status is a transfer); *Venice Western Motel, Ltd., v. Venice Motor Inn, Ltd., (In the Matter of Venice Western Motel, Ltd.)* 67 B.R. 777, 780 (Bankr.M.D.Fla.1986); *Lemley–Cabbiness Farms v. Fed. Deposit Ins. Corp. (In re Lemley* ), 65 B.R. 185, 189 (Bankr.N.D.Tex. 1986); *Fashion World, Inc. v. Finard (In re Fashion World, Inc.*), 44 B.R. 754, 756 (Bankr.D.Mass.1984).

■■■ The definition of transfer focuses on what the debtor relinquished not on the formalities of the documentation. *Wiswall v. Wallaert (In re Wallaert* ), 149 B.R. 665, 668 (Bankr.W.D.Wash.1992). Under this definition, any transfer of an interest in property is a transfer. *Lemley*, 65 B.R. at 189. This includes a transfer of possession, custody, control, even without a transfer of title. *Id.*

■■■ Where the net effect of a mortgage modification agreement is to restructure a mortgage and to alter the amount of indebtedness owed by the debtor, the agreement is a transfer. *See, Venice Western Motel*, 67 B.R. at 780. In *Venice Western Motel*, the debtor and the mortgage holder executed an agreement which restructured the mortgage and increased the principal balance on the property the debtor was purchasing from the mortgage holder. *Id.* The execution of the modification agreement was determined to be a transfer to the extent of the increase in the principal indebtedness. *Id.*

■ Under this analysis, almost every business transaction constitutes a transfer. As such, the Mortgage Modification, which substantially reduced the Vuckovics' liability to MIF, constitutes a transfer. However, the real issue is whether this transfer was the same as or separate from the transfer in which the Vuckovics sold the Fairbanks Property to RSI and which was avoided in the Prior Judgment. No cases submitted by the parties addressed this particular point. Accordingly, an analysis of the transaction between the Vuckovics, MIF and RSI is necessary.

Although the Mortgage Modification was executed on the same day that RSI bought the Fairbanks Property, the Mortgage Modification involved different parties and different issues. The avoided transfer involved the conveyance of real property from the Vuckovics to RSI. The Mortgage Modification involved a reduction in the amount owed by the Vuckovics to MIF. The two transactions are distinguishable and separate. Therefore, the Prior Judgment did not avoid the Mortgage Modification which remains intact.

The Trustee has established that he is entitled to a declaratory judgment that the Mortgage Modification is enforceable. The issues raised in Bellwether's Counterclaim and Third Party Complaint (Doc. No. 35) remain to be decided in a separate proceeding before this court. Accordingly, it is

ORDERED:

1. The Trustee's Motion for Summary Judgment is granted.

2. Bellwether's Motion for Partial Summary Judgment is denied.

3. The Mortgage Modification is valid and was not avoided by the Prior Judgment.

4. A status conference to discuss the scheduling of hearings on the remaining issues is scheduled for **10:00 a.m. on March 20, 1997.**